FRANCISCO LUCINO v. STATE.

No. A-3723. Opinion Filed March 13, 1920.

(187 Pac. 251.)

Appeal from County Court, Washington County; Robert D. Waddill, Judge.

Francisco Lucino, convicted of a violation of the prohibitory liquor law, appeals. Dismissed.

Arthur Fitzpatrick, for plaintiff in error.

PER CURIAM. Plaintiff in error, Francisco Lucino, was convicted on an information charging that in Washington county on or about the 25th day of October, 1919, he did have possession of certain intoxicating liquors, to wit, 50 gallons of Choctaw beer, containing more than one-half of one per cent. of alcohol, measured by volumn, and capable of being used as a beverage, with the unlawful intent to sell the same, and in accordance with the verdict of the jury he was sentenced to be confined for 60 days in the county jail and to pay a fine of $50.

From the judgment an appeal was perfected by filing in this court on March 20, 1920, a petition in error with case-made. Plaintiff in error by his counsel of record has filed a motion to dismiss said appeal, which motion is sustained. It is therefore ordered that said appeal be and the same is hereby dismissed and the cause remanded to the trial court with direction to cause its judgment and sentence to be carried into execution. Mandate forthwith.

---

A FORD v. STATE.

No. A-3381. Opinion Filed April 3, 1920.

(187 Pac. 251.)

Appeal from County Court, Okmulgee County; Dudley C. Monk, Judge.

A. Ford, convicted of a violation of the prohibitory liquor law, appeals. Affirmed.

J. C. Evans, for plaintiff in error.

W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, A. Ford, was convicted on an information charging that he did unlawfully have possession of one quart of whisky with the intention of selling, bartering, giving away and otherwise furnishing the same, and in accordance with the verdict of the jury he was sentenced to be confined for 90 days in the county jail and to pay a fine of $300 and the cost. The sufficiency of the testimony to support the conviction is the only question raised.

The testimony on the part of the state, if credited, as it was by the jury, was amply sufficient to sustain the verdict. Finging no reversible error in the record, the judgment is affirmed.